
# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| SERGIO CERDA <br> 400 North St. Paul Street, Suite 700 <br> Dallas, Texas 75201 <br><br> And <br><br> EDELMAN SANCHEZ <br> 400 North St. Paul Street, Suite 700 <br> Dallas, Texas 75201 <br><br> And <br><br> MARVIN LEONEL LOPEZ GRAMAJO <br> 400 North St. Paul Street, Suite 700 <br> Dallas, Texas 75201 <br><br> And <br><br> EDDI ESTIVER LAM YOC <br> 400 North St. Paul Street, Suite 700 <br> Dallas, Texas 75201 <br><br> And <br><br> WILLIAM ALEXANDER LOPEZ SANCHEZ <br> 400 North St. Paul Street, Suite 700 <br> Dallas, Texas 75201 <br><br> *On Behalf of Themselves and Others Similarly Situated* <br><br> PLAINTIFFS, <br><br> v. <br><br> III OFFICE RESOURCE GROUP, INC. <br> 1735 W Crosby Road, Suite 100 <br> Carrollton, Texas 75006 <br><br> SERVE:    Charles R. Billings, Esq. <br>                 8300 Douglas, Suite 800 <br>                 Dallas, Texas 75225 | **Case No**. 4:20-cv-249 |

| | |
|---|---|
| And | * |
| | * |
| PAUL ROSS LOWE III | * |
| 2608 Camille Drive | * |
| Lewisville, Texas 75056 | * |
| | * |
| DEFENDANTS. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

1. This action is brought by Plaintiffs Sergio Cerda ("Cerda"), Edelman Sanchez ("Sanchez"), Marvin Leonel Lopez Gramajo ("Lopez Gramajo"), Eddi Estiver Lam Yoc ("Lam Yoc"), and William Alexander Lopez Sanchez ("Lopez Sanchez") (together, "Plaintiffs"), on behalf of themselves and other similarly situated individuals, against III Office Resource Group, Inc. ("Office Resource Group") and Paul Ross Lowe III, individually ("Lowe") (together, "Defendants").

2. Defendants failed to pay Plaintiffs and other similarly situated individuals at overtime time-and-one-half rate for hours worked per week in excess of forty (40) as required by the Federal Fair Labor Standards Act ("FLSA").

3. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals against Defendants seeking back-pay, liquidated damages, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

4. Each Plaintiff is an adult domiciliary of the State of Texas.

5. By acting as the named plaintiffs herein, each Plaintiff hereby provides written affirmation of his consent to prosecute his claim as part of an FLSA collective action and to seek unpaid overtime wages and damages under the FLSA and for all other relief sought or awarded

in this action.

6. Office Resource Group is a corporation formed in Texas that operates in commerce, selling, delivering, and installing new and used office furniture at the address 1735 W Crosby Road, Suite 100, Carrollton, Texas 75006.

7. At all times relevant to this action, Lowe has been the primary owner and President of Office Resource Group. In this capacity:

    i. Lowe, individually, was primarily in charge of the day-to-day operations of Office Resource Group.

    ii. Lowe, individually, was the most senior supervisor and manager of all of Office Resource Group's employees, including Plaintiffs.

    iii. Lowe, individually, had the authority to hire, fire, or discipline Office Resource Group's employees, including Plaintiffs.

    iv. Lowe, individually, had the authority to set the work duties, hours, schedules, and work assignments for Office Resource Group's employees, including Plaintiffs.

    v. Lowe, individually, had the authority to set the pay rate, overtime pay rate, and payment method for Office Resource Group's employees.

    vi. Lowe, individually, was in charge of recording or delegating the recording of the compensable work hours of all Office Resource Group's employees, including Plaintiffs.

    vii. Lowe, individually, was in charge of keeping or delegating the keeping of all employee records for all Office Resource Group's employees, including Plaintiffs.

8. During the relevant period, both Defendants qualified as Plaintiffs' employers or joint employers and the employers or joint employers for other similarly situated individuals within

the meaning of the FLSA.

9. In each year during the relevant period, Defendants had gross revenue and sales exceeding $500,000.00.

10. In each year during the relevant period, Defendants sold office furniture and related office products that passed in interstate commerce and otherwise qualified Defendants as an "enterprise engaged in commerce" under the FLSA.

11. In each year during the relevant period, Plaintiffs, in performing their work duties for Defendants, assembled, transported, delivered, and installed office furniture and related office products that passed in interstate commerce.

12. The relief sought in this action against Defendants arises under the FLSA, a Federal Statute, and Subject Matter Jurisdiction is therefore proper in this Court based on Federal Question.

13. The alleged acts and omissions giving rise to this action occurred primarily in or around Carrollton, Texas and in consideration of this fact and the foregoing, Venue and Personal Jurisdiction are proper in the United States District Court for the Eastern District of Texas.

## FACTS

14. Plaintiffs were employed by Defendants to perform (i) warehouse labor; (ii) furniture assembly; (iii) furniture delivery; and (iv) furniture installation during the period of at least 2017 through 2019.

15. During the period of their employment, the exact number of hours Plaintiffs worked varied from week to week.

16. During the period of their employment, Plaintiffs customarily worked more than forty (40) hours per week.

17. During the period of their employment, Plaintiffs customarily worked more than forty-five (45) hours per week.

18. During the period of their employment, Plaintiffs often worked more than fifty (50) hours per week.

19. During the period of their employment, Plaintiffs occasionally worked more than fifty-five (55) hours per week.

20. During the period of their employment, Defendants directed and instructed Plaintiffs to work all weekly hours herein alleged.

21. During the period of their employment, Defendants had actual knowledge of all hours Plaintiffs worked each week.

22. During the period of their employment, Defendants recorded all hours Plaintiffs worked each week and currently maintain possession, custody, and control of time records setting forth the exact number of hours Plaintiffs worked each week during the period 2017 through the present.

23. At all times during the period of their employment, Defendants paid Plaintiffs as hourly employees at hourly rates set exclusively by Defendants.

24. At all times during their period of employment, Defendants paid Plaintiffs at their regular hourly rate for all hours Plaintiffs worked each week including overtime worked over forty (40) hours per week.

25. At no time did Defendants ever pay Plaintiffs at the time-and-one-half rate required by the FLSA for overtime Plaintiffs worked in excess of forty (40) hours per week.

26. At all times relevant to this action, Defendants had actual knowledge of the FLSA time-and-one-half overtime compensation requirement.

27. At all times relevant to this action, Defendants purchased, hung, and displayed a United States Department of Labor poster at Defendant's place of business expressly setting forth and displaying Federal labor laws including the FLSA time-and-one-half overtime compensation requirement.

28. Prior to and during the relevant period, Defendants had actual or constructive knowledge that Defendants failed to pay Plaintiffs overtime wages at time-and-one-half rates as required by Federal law.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs, on behalf of themselves and other similarly situated individuals, are pursing the herein alleged FLSA overtime wage claim as a collective action pursuant to FLSA Section 216(b).

30. Those individuals that are similarly situated that are Collective Action Class Members are defined as follows:

   i. Individuals that were employed by Defendants to perform (i) warehouse labor; (ii) furniture assembly; (iii) furniture delivery; or (iv) furniture installation at any time during the period of March 2017 through the present ("the recovery period");

   ii. That were paid by Defendants as hourly employees at any time during the recovery period;

   iii. That worked more than forty (40) hours per week in any week during the recovery period;

   iv. That were paid by Defendants at their regular hourly rate for all hours worked per week including overtime worked over forty (40) hours per week during any

week during the recovery period.

31. On information and belief, Defendants have employed more than twenty-five (25) individuals that meet the description of Collective Action Class Members.

32. Plaintiffs and the Collective Action Class Members were each denied FLSA required overtime compensation and are each owed unpaid FLSA overtime compensation and statutory liquidated damages for each hour worked during the recovery period.

33. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal and class-wide practice of violating the FLSA overtime compensation requirements and otherwise failing to pay Plaintiffs and other Collective Action Class Members time-and-one-half premium hourly wages for overtime worked over forty (40) hours per week.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA - FAILURE TO PAY OVERTIME WAGES AND REQUIRED TIME-AND-ONE HALF PREMIUM RATES

34. Plaintiffs re-allege and reassert each and every allegation set forth in the paragraphs above as if each were set forth herein.

35. The FLSA provides that no employers shall pay employees at the time-and-one-half rate for all overtime worked each work week in excess of forty (40) hours.

36. As set forth above, Defendants failed to pay Plaintiffs and other similarly situated individuals overtime compensation at the time-and-one-half rate for overtime worked over forty (40) hours per week as required by the FLSA.

37. As set forth above, Defendants paid Plaintiffs and other similarly situated individuals at their regular hourly rate for all hours worked each week including overtime worked over forty (40) hours per week.

38. The acts and omissions set forth in this Complaint for which Defendants are jointly and

severally liable were performed or omitted willfully and intentional, and not in good faith.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs pray for relief as follows:

A. Certifying this matter as a Collective Action pursuant to FLSA Section 216(b).

B. Judgment against Defendants for failing to pay time-and-one-half overtime premium wages to Plaintiffs and other plaintiffs and/or class members for overtime worked over forty (40) hours per week as required by the FLSA;

C. An award of statutory liquidated damages in amounts prescribed by the FLSA;

D. An award of attorneys' fees and costs to be determined by post-hearing petition;

E. An award of pre-judgment interest; and

F. Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: March 25, 2020

*/s/ Jay Forester*
Jay Forester, Texas Bar No. 24087532
**FORESTER HAYNIE PLLC**
400 N St Paul St, Ste 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com

Gregg C. Greenberg, Esq
(To be Admitted Pro Hac Vice)
**ZIPIN, AMSTER & GREENBERG, LLC**
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiffs and the Class Members*